UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**1:05CV982**

| | | |
|---|---|---|
| CEQUENT TRAILER PRODUCTS, INC., | : | CIVIL ACTION NO. |
| Plaintiff, | : | JUDGE: **JUDGE POLSTER** |
| v. | : | COMPLAINT FOR PATENT INFRINGEMENT AND INJUNCTIVE RELIEF |
| CHAMPION POWER EQUIPMENT, INC., | : | |
| Defendant. | : | DEMAND FOR JURY TRIAL |

Plaintiff Cequent Trailer Products, Inc. ("Cequent"), for its complaint against defendant Champion Power Equipment, Inc., ("Defendant"), alleges upon information and belief as follows:

### INTRODUCTION

1. This is an action for damages and for declaratory and injunctive relief to remedy the infringement by Defendant of United States Letters Patent No. 5,538,308 (the "'308 Patent") that is assigned to and owned by Cequent. The '308 Patent relates to a portable vehicle ramp.

### THE PARTIES

2. Cequent is a Delaware corporation having its principal place of business at 1050 Indianhead Drive, Mosinee, Wisconsin 54455-0008 and conducts business in this judicial district.

{657376:}

3. Defendant is a California corporation having its principal place of business in Duarte, California and conducts business in this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning patent infringement by virtue of 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant as it: (a) regularly solicits business in Ohio and in this judicial district; (b) engages in a persistent course of conduct by conducting business in Ohio and in this judicial district; and (c) derives substantial revenue from goods sold in Ohio and in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b)(1) and (b)(2) and 1400(b).

## FACTUAL BACKGROUND

7. Cequent designs, manufactures, and markets a wide array of trailer products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

8. On July 23, 1996, the '308 Patent entitled "Portable Vehicle Ramp" was duly and legally issued. A copy of the '308 Patent is attached hereto as Exhibit A. Since May 21, 1999, Cequent (and its predecessor Fulton Performance Products, Inc.) has been and still is the owner of all right, title and interest to the '308 Patent, including the right to recover for infringement.

9. Defendant manufactures, uses, offers for sale, sells, or imports a vehicle ramp. In particular, Champion markets the availability of two different models of vehicle ramps on its www.championpowerequipment.com website. A copy of Defendant's vehicle ramp models on its www.championpowerequipment.com website are attached as Exhibit B.

## **PATENT INFRINGEMENT**

10. Defendant has been and is now directly infringing, contributorily infringing, and inducing infringement of the claims of the '308 Patent by making, using, importing, offering for sale, or selling the vehicle ramp within this judicial district and elsewhere in the United States.

11. Defendant has knowingly infringed the '308 Patent and Defendant's direct, contributory, and inducement of infringement has been and is willful and deliberate, and Defendant will continue its infringing activities unless restrained by this Court.

12. Defendant has profited and will continue to profit by its infringing activities.

13. Cequent has been damaged by Defendant's infringing activities and will continue to be irreparably injured unless these infringing activities are enjoined by this Court.

WHEREFORE, Cequent prays:

A. That this Court enter judgment that Cequent is the owner of United States Letters Patent No. 5,538,308;

B. That this Court enter judgment that United States Letters Patent No. 5,538,308 is valid and enforceable;

C. That this Court enter judgment that Defendant has directly infringed the claims of United States Letters Patent No. 5,538,308;

D. That this Court enter judgment that Defendant has contributorily infringed the claims of United States Letters Patent No. 5,538,308;

E. That this Court enter judgment that Defendant has induced infringement of the claims of United States Letters Patent No. 5,538,308;

F. That this Court issue a preliminary and permanent injunction enjoining Defendant, its officers, directors, managers, employees, affiliates, agents, representatives,

corporate parents and those in privity with Defendant from further infringement of United States Letters Patent No. 5,538,308;

G.   That this Court award Cequent all of its damages caused by Defendant's acts of infringement, together with interest and costs as provided for under 35 U.S.C. § 284;

H.   That this Court order an accounting of Defendant's profits arising out of their infringing activities and award Cequent those profits;

I.   That this Court find Defendant's infringement to be willful and increase the damages to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

J.   That this Court enter judgment that this case is exceptional and awards Cequent its attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

K.   That Cequent be awarded such other and further relief as the Court may deem just and equitable.

### JURY DEMAND

Cequent hereby requests trial by jury of all issues so triable.

Dated: April 15, 2005

Respectfully submitted,

Michael L. Snyder (Ohio Reg. No. 0040990)
David T. Movius (Ohio Reg. No. 0070132)
David B. Cupar (Ohio Reg. No. 0071622)
McDONALD HOPKINS CO., LPA
2100 Bank One Center
600 Superior Avenue, E.
Cleveland, Ohio 44114
Telephone: (216) 348-5400
msnyder@mcdonaldhopkins.com
dmovius@mcdonaldhopkins.com
dcupar@mcdonalhopkins.com

*Attorneys for Plaintiff*
*Cequent Trailer Products, Inc.*